IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>JAMESTOWN DAYCARE CENTER, INC.,<br>and BRENDA M. JONES,<br>    *Defendants*. | Case No. 7:21-cv-00157 |

## COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF

This is a civil action brought by Plaintiff, the United States of America, against Defendants Jamestown Daycare Center, Inc. and its principal Brenda M. Jones to: (I) reduce to judgment Jamestown Daycare Center, Inc.'s unpaid employment taxes associated with the wages paid to employees of Jamestown Daycare Center, Inc. as well as its unpaid unemployment taxes; and (II) to enjoin said Defendants from continuing their long-standing practice of failing to withhold or pay to the United States Treasury employment taxes associated with the wages paid to employees of Jamestown Daycare Center, Inc.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. § 7402(a).

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant Jamestown Daycare, Inc. is located and has its principal place of business in Robeson County, North Carolina, because Defendant Brenda M. Jones is domiciled in Robeson County, North Carolina, and because a substantial part of the events and/or omissions giving rise to the claim for

monetary and injunctive relief occurred in Robeson County, North Carolina. Venue in this Division is proper under Local Civil Rule 40.1.

## PARTIES

3.  Plaintiff is the United States of America ("**United States**").

4.  Defendant Jamestown Daycare Center, Inc. ("**Jamestown Daycare**"), a North Carolina corporation, is a daycare business with a principal place of business located in Lumberton, North Carolina. During the relevant tax periods, Jamestown Daycare was responsible for withholding and paying employment taxes for its employees and its own unemployment taxes.

5.  Defendant Brenda M. Jones is the principal of Jamestown Daycare and, upon information and belief, resides in Robeson County, North Carolina.

## LEGAL FRAMEWORK

6.  In order to conduct its business, Jamestown Daycare employs a staff of employees and pays wages to its employees. Accordingly, Jamestown Daycare is required by law to:

    a.  withhold federal income and the employee portion of Federal Insurance Contributions Act ("**FICA**") and Medicare taxes from its employees' wages, *see* 26 U.S.C. §§ 3102 and 3402;

    b.  pay over to the Internal Revenue Service the amounts withheld from its employees' wages, along with the employer's own FICA and Medicare taxes (collectively, "**employment taxes**"), *see id*. §§ 3111(a), (b), and 3403;

    c.  make periodic deposits of its employment taxes in an appropriate federal depository bank in accordance with the federal deposit regulations, *see id*. § 6302; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-3;

d. report its employment taxes and file a Form 941 (Employer's Quarterly Federal Tax Return) to the IRS on a quarterly basis, along with any unpaid employment tax balance not already deposited, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1;

7. Under Section 7501(a) of the Internal Revenue Code, the federal employment taxes that Jamestown Daycare was required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," and were not to be used for any other purposes, including the business operations of Jamestown Daycare. *See* 26 U.S.C. § 7501(a).

## RELEVANT FACTUAL BACKGROUND

8. For various tax periods from 2015 to the present, Jamestown Daycare has failed to comply with its federal employment tax obligations described in Paragraph 6 above and has engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability. While Jamestown Daycare has made some tax deposits and partially paid some required employment taxes,[1] the table below shows that, for the majority of the time between 2015-2020, Jamestown Daycare has failed to pay in full its required employment taxes.

9. For the tax types and tax periods set forth in the table below, a delegate of the Secretary of the Treasury made the following assessments against Jamestown Daycare for its unpaid employment taxes (IRS Form 941) and unemployment taxes (IRS Form 940) which have

---

[1] The United States is collecting an unpaid unemployment tax assessment (IRS Form 940) as well for the period ending December 31, 2014 as identified in the table below.

the following balances due, after accounting for all costs, fees, accruals, payments, credits, and abatements:

| Tax Type | Tax Period | Date of Assessment | Amount of Assessment | Unpaid Balance as of August 9, 2021 |
|---|---|---|---|---|
| WT - FICA (Form 941) | 6/30/2015 | 9/28/2015 | $ 8,258.34 | $ 1,681.89 |
| WT - FICA (Form 941) | 9/30/2015 | 9/5/2016 | $ 5,908.34 | $ 7,782.44 |
| WT - FICA (Form 941) | 12/31/2015 | 4/4/2016 | $ 6,787.44 | $ 9,863.03 |
| WT - FICA (Form 941) | 3/31/2017 | 7/10/2017 | $ 6,861.57 | $ 4,369.13 |
| WT - FICA (Form 941) | 6/30/2017 | 9/25/2017 | $ 9,000.52 | $ 14,622.45 |
| WT - FICA (Form 941) | 9/30/2017 | 1/1/2018 | $ 6,101.52 | $ 9,936.63 |
| WT - FICA (Form 941) | 12/31/2017 | 4/2/2018 | $ 9,096.09 | $ 14,656.40 |
| WT - FICA (Form 941) | 3/31/2018 | 7/2/2018 | $ 7,899.42 | $ 12,582.83 |
| WT - FICA (Form 941) | 6/30/2018 | 12/17/2018 | $ 9,708.06 | $ 15,703.53 |
| WT - FICA (Form 941) | 9/30/2018 | 4/1/2019 | $ 5,514.24 | $ 8,460.57 |
| WT - FICA (Form 941) | 12/31/2008 | 4/15/2019 | $ 8,125.62 | $ 12,845.65 |
| WT - FICA (Form 941) | 3/31/2019 | 6/17/2019 | $ 7,332.86 | $ 1,819.84 |
| WT - FICA (Form 941) | 6/30/2019 | 9/30/2019 | $ 7,853.75 | $ 11,978.99 |
| WT - FICA (Form 941) | 9/30/2019 | 2/3/2020 | $ 6,484.35 | $ 9,851.27 |
| WT - FICA (Form 941) | 12/31/2019 | 8/24/2020 | $ 9,406.80 | $ 13,615.66 |
| WT - FICA (Form 941) | 9/30/2020 | 6/28/2021 | $ 5,349.54 | $ 4,316.29 |
| WT - FICA (Form 941) | 12/31/2020 | 7/12/2021 | $ 8,191.80 | $ 4,249.41 |
| FUTA (Form 940) | 12/31/2014 | 5/11/2015 | $ 956.88 | $ 1,541.04 |
| | | | **Total** | **$ 159,877.05** |

10. Despite notice and demand for payment of the assessments set forth in Paragraph 9, Defendant Jamestown Daycare has neglected or refused to make full payment of those assessments to the United States.

11. As of August 9, 2021, Jamestown Daycare is indebted to the United States for unpaid federal employment and unemployment taxes in the amounts described in Paragraph 9, above, in the total amount of $159,877.05, plus statutory interest and penalties accruing after that date until paid according to law.

12. The IRS has attempted to bring Jamestown Daycare into compliance with its employment tax deposit and payment obligations for the past several years. The IRS's administrative efforts have included:

    a. making tax assessments against Jamestown Daycare for unpaid federal taxes and sending notices and demands for payment;

    b. recording notices of federal tax liens against Jamestown Daycare with respect to those unpaid federal taxes;

    c. levying upon Jamestown Daycare's bank accounts and accounts receivables which resulted in insufficient funds to satisfy the tax liabilities;

    d. entering into an installment agreement, to which the Jamestown Daycare defaulted;

    e. delivering an IRS Letter 903 to Jamestown Daycare on June 23, 2016, which placed Jamestown Daycare on notice that if it continued to fail to comply with its tax obligations, then the government would consider filing an action for an injunction compelling Jamestown Daycare to pay its federal tax liabilities. As shown in the table

above, Jamestown Daycare continued to pyramid additional tax liabilities after it received the IRS Letter 903.

13. Despite these collection efforts by the IRS, Jamestown Daycare continues to incur additional liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code. There is no evidence that Jamestown Daycare or Brenda M. Jones will make the necessary effort to become compliant, absent a court order compelling them to do so.

**COUNT I: REDUCE EMPLOYMENT AND UNEMPLOYMENT TAXES TO JUDGMENT AGAINST JAMESTOWN DAYCARE**

14. The United States incorporates by reference Paragraphs 1 through 13, above.

15. On the dates and in the amounts identified in the table in Paragraph 9, a delegate of the Secretary of the Treasury assessed employment taxes (IRS Form 941) and unemployment taxes (IRS Form 940) against Jamestown Daycare, which have resulted in a balance owed of $159,877.05 after accounting for all costs, fees, accruals, payments, and credits.

16. Penalties and interest have accrued according to law on the unpaid balance of the assessments set forth in Paragraph 9, and will continue to accrue until paid in full.

17. A delegate of the Secretary of the Treasuring properly and timely gave notice of the tax assessments set forth in Paragraph 9 to Defendant Jamestown Daycare, and made demand upon it for payment of those assessments.

18. Despite notice and demand for payment of the assessments set forth in Paragraph 9, Defendant Jamestown Daycare has neglected or refused to make full payment of those assessments to the United States.

19. As of August 9, 2021, with respect to the assessments described above in Paragraph 9, Defendant Jamestown Daycare is indebted to the United States in the amount of $159,877.05, plus further interest and penalties accruing after that date as provided by law.

### COUNT II: INJUNCTION PURSUANT TO 26 U.S.C. § 7402(A) AGAINST JAMESTOWN DAYCARE AND BRENDA M. JONES

20. The United States re-incorporates the allegations stated in Paragraphs 1 through 19 as if fully set forth herein.

21. Under 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

22. Defendants Jamestown Daycare and Brenda M. Jones have substantially interfered, and continue to substantially interfere, with the internal revenue laws by persistently failing to: (a) comply with Jamestown Daycare's employment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402; and (b) make employment tax deposits as required by 26 U.S.C. §§ 6302 and 26 C.F.R. §§ 31.6302-1, 31-6302(c)-3.

23. The IRS has attempted to use administrative means to obtain Jamestown Daycare's compliance with its employment tax obligations and to collect unpaid employment taxes owed by Jamestown Daycare. However, those administrative efforts have been unsuccessful.

24. Despite having been made aware of their tax obligations, the Defendants have continued to disregard those obligations and accrued more unpaid employment tax liabilities.

25. A mandatory injunction by this Court ordering the Defendants to comply with their federal employment tax obligations is necessary and appropriate for the enforcement of the internal revenue laws and to prevent future, continued violations, as the Defendants continue to flout the federal tax laws and accrue additional unpaid federal employment tax liabilities.

26. Absent court intervention, the United States lacks an adequate legal remedy to prevent Defendants Jamestown Daycare and Brenda M. Jones from continuing to evade Jamestown Daycare's employment tax obligations. An injunction against Defendants Jamestown Daycare and Brenda M. Jones is therefore appropriate and necessary to prevent those Defendants from continuing to interfere with the internal revenue laws going forward.

27. The United States has suffered, and is continuing to suffer, irreparable harm as a result of Defendants Jamestown Daycare's and Brenda M. Jones's continued violation of federal law, including but not limited to:

    a. the loss of tax revenue, including the loss of Jamestown Daycare's employees' FICA and income taxes for which the employees already have received credit;

    b. the drain on limited IRS resources caused by the Defendants' continued noncompliance with the law; and

    c. the harm to the tax system as a whole by undermining public confidence in the federal tax system and encouraging widespread violation of the internal revenue laws.

28. The balance of the hardships favor of the United States as the United States' injuries outweigh the harm to the Defendants if an injunction is entered against them, as the Defendants will merely be compelled to comply with federal law by making timely employment tax deposits.

29. An injunction against the Defendants Jamestown Daycare and Brenda M. Jones would serve the public interest. The efficacy of the federal tax system relies on employers to comply voluntarily with federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions. Defendants Jamestown Daycare's and Brenda M. Jones' continued failure to pay employment taxes undermines this vital component of the federal tax collection system. Additionally, by

unlawfully using for Jamestown Daycare's own business and operating expenses the tax money that should be paid over to the United States Treasury, Jamestown Daycare and Brenda M. Jones exact an involuntary subsidy from the United States taxpaying public. An injunction would end this inefficient and wasteful use of taxpayer money.

30. In the absence of an injunction, the Defendants are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws to the detriment of the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that the Court:

A. Find that Jamestown Daycare is indebted to the United States in the total amount of $159,877.05 as of August 9, 2021 for its unpaid federal tax liabilities as further identified in Paragraph 9, above, plus further interest and statutory additions applicable under law;

B. Find that Jamestown Daycare and Brenda M. Jones have engaged and are engaging in conduct that interferes with the administration and enforcement of the internal revenue laws;

C. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Jamestown Daycare and Brenda M. Jones from interfering with the enforcement of the internal revenue laws;

D. Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

   1. Jamestown Daycare and Brenda M. Jones shall cause Jamestown Daycare, and any successor entity that she controls to, withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2. Jamestown Daycare shall, and Brenda M. Jones shall cause Jamestown Daycare and any other employer entity that she controls to, timely deposit withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3. Brenda M. Jones shall sign and deliver to IRS revenue officer, Ernest Porter at 3340 Jaeckle Drive Suite 101, Wilmington, North Carolina 28403, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required employment taxes were fully and timely deposited for each pay period during the prior month;

4. Jamestown Daycare shall, and Brenda M. Jones shall cause Jamestown Daycare and any other employer entity that she controls to, timely file Form 941 employment tax returns that come due after the date of the injunction, and Brenda M. Jones shall provide a copy of each filed return to IRS revenue officer Ernest Porter at 3340 Jaeckle Drive Suite 101, Wilmington, North Carolina 28403, or in such manner as the IRS deems appropriate, within five days of filing;

5. Jamestown Daycare shall, and Brenda M. Jones shall cause Jamestown Daycare and any other employer entity that she controls to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

6. Jamestown Daycare and Brenda M. Jones are enjoined from paying other creditors of Jamestown Daycare or from transferring, disbursing, or assigning any money, property, or assets of Jamestown Daycare after the date of the injunction order until after such time as the required deposits described in Paragraph D-2, and any liabilities described

in Paragraph D-5, have been paid in full, for any tax period ending after the injunction is issued;

7. Jamestown Daycare and Brenda M. Jones are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Jamestown Daycare's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

8. Jamestown Daycare and Brenda M. Jones shall permit a representative from the Internal Revenue Service to inspect Jamestown Daycare's books and records periodically, with two business days' notice of each inspection; and

9. For the five-year period beginning on the date this injunction order is entered, Brenda M. Jones shall notify, in writing, IRS revenue officer Ernest Porter at 3340 Jaeckle Drive Suite 101, Wilmington, North Carolina 28403, or to such specific person the IRS designates, if Brenda M. Jones comes to form, incorporate, own, or work in any capacity for another business entity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns, within five business days of such event. Regardless of such notification, the preceding Subparagraphs of this Paragraph D shall apply to any employer entity controlled by Brenda M. Jones.

E. Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

F. Order that, if Jamestown Daycare or Brenda M. Jones violate any term of this injunction, then counsel for the United States shall send said Defendants written notice of the violation, and said Defendants shall have 10 days after notification is sent to cure the violation;

1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer, Ernest Porter at 3340 Jaeckle Drive Suite 101, Wilmington, North Carolina 28403.

2. If counsel for the United States has sent the Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Jamestown Daycare or Brenda M. Jones then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Jamestown Daycare or Brenda M. Jones should not be held in contempt of this injunction and why Jamestown Daycare should not be ordered to liquidate and cease doing business immediately or why a receiver should not be appointed, and why Brenda M. Jones should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

G. Granting the United States such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

DATED: September 17, 2021         **DAVID A. HUBBERT**
**Acting Assistant Attorney General**

By: <u>/s/ *Alexander R. Kalyniuk*</u>
Alexander R. Kalyniuk
Virginia State Bar Number: 92325
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
Email: Alexander.R.Kalyniuk@usdoj.gov
*Counsel for the United States of America*