IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>JAMESTOWN DAYCARE CENTER, INC.,<br>*Defendant*. | Case No. 7:21-cv-00157<br><br>**JUDGMENT AND ORDER OF<br>PERMANENT INJUNCTION** |

Having considered the United States' motion for a default judgment, any opposition thereto, and the entire record of this proceeding and for good cause shown, the Court makes the following findings of fact and conclusions of law and enters this judgment and order of permanent injunction, pursuant to Federal Rules of Civil Procedure 52, 55, 65, and 26 U.S.C. § 7402(a).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter of this action and the defendant pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. Defendant Jamestown Daycare Center, Inc. has failed to answer or otherwise defend against this action. The Clerk of Court properly entered the default of Jamestown Daycare Center, Inc. on January 26, 2022 at Docket Entry 10.

4. Under 26 U.S.C. § 7402(a), this Court may issue any injunction necessary or appropriate for enforcement of the internal revenue laws. *See United States v. Ernst & Whinney*, 735 F.2d 1296, 1300–01 (11th Cir. 1984), *cert. denied*, 470 U.S. 1050 (1985).

5. Jamestown Daycare Center, Inc., as an employer, is required to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from its employees' wages, and to pay over those withholdings, along with the employer's share of its FICA and Federal

Unemployment Tax Act (FUTA) taxes, to the Internal Revenue Service. 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

6. Jamestown Daycare Center, Inc., as an employer, is also required to timely file Employer's Quarterly Federal Tax Returns (IRS Forms 941) within thirty days of the end of each taxable quarter, and to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940), with the Internal Revenue Service before January 31st following the end of each taxable year. 26 U.S.C. § 6011; Treas. Reg. § 31.6701(a)-1.

7. Jamestown Daycare Center, Inc. is substantially interfering with the administration of the internal revenue laws by failing to fully pay its federal employment and unemployment tax liabilities, and for failing to make federal tax deposits to the IRS for various taxable quarters between 2015 and 2020. For example, between the second through fourth taxable quarters of 2015, all four quarters of 2017, 2018, and 2019, and the third through fourth quarters of 2020, Jamestown Daycare Center, Inc. failed to make its federal employment tax deposits with the IRS. Further, for the period ending on December 31, 2014, Jamestown Daycare Center, Inc. failed to make its federal unemployment tax deposits with the Internal Revenue Service. While Jamestown Daycare Center, Inc. has made some of its federal employment and unemployment tax deposit obligations between 2015 and 2020, its general pattern of noncompliance has continued on-and-off over the course of those years. The unpaid balance of Jamestown Daycare Center, Inc.'s employment and unemployment tax liabilities (including accrued penalties and interest as of August 9, 2021) is $159,877.05.

8. Jamestown Daycare Center, Inc. has failed to file its Employer's Quarterly Federal Tax Returns (Form 941) with the Internal Revenue Service for the fourth quarter of 2021 and has not fully paid its required employment taxes for the first through third quarters of 2021. Due to

these failures to file required tax forms and payment of required tax, Jamestown Daycare Center, Inc. may owe additional amounts of federal tax in addition to the amounts described above in Paragraph 7.

9. The Internal Revenue Service has expended significant resources in its attempts to bring Jamestown Daycare Center, Inc. into compliance with the internal revenue laws. The Internal Revenue Service's administrative remedies have included: (a) assessing taxes against Jamestown Daycare Center, Inc. and sending notices demanding payment; (b) filing and recording notices of federal tax lien against Jamestown Daycare Center, Inc.; (c) attempting to levy upon Jamestown Daycare Center, Inc.'s bank accounts and accounts receivables which resulted in the Internal Revenue Service receiving insufficient funds to satisfy the tax liabilities; (d) entering into an installment agreement with Jamestown Daycare Center, Inc., to which it defaulted; and (e) by delivering a IRS letter 903, which warned Jamestown Daycare Center, Inc. of the United States' right to seek a civil injunction to compel Jamestown Daycare Center, Inc. to make its federal tax deposits.

10. Based on a recent-activity search conducted by the IRS, Jamestown Daycare Center, Inc. appears to still be in business.

11. Absent an injunction, Jamestown Daycare Center, Inc. is likely to continue its pattern of interference with the internal revenue laws that has already led to the nonpayment of over $159,000 in outstanding tax liabilities. An injunction compelling compliance with federal tax withholding laws is necessary in this case.

12. Jamestown Daycare Center, Inc. has continuously and repeatedly failed to timely withhold, collect, and makes deposits of the federal employment that it owes. A permanent injunction is therefore necessary to prevent future violations of the law.

13. Although it is not necessary to satisfy the traditional equitable standard for an injunction pursuant to 26 U.S.C. § 7402(a), enjoining the conduct of the defendant is nevertheless appropriate under 26 U.S.C. § 7402(a) when the traditional equitable factors are considered because:

    A. The United States has suffered an irreparable injury because it has been deprived of its lawful tax revenues in the amount of over $159,000 as set forth above. In the absence of an injunction, the United States will continue to suffer irreparable injury because Jamestown Daycare Center, Inc. will continue to disregard its obligations to pay the IRS the lawful tax revenues due to the government as it has done so during the pendency of this case.

    B. The remedies available at law are inadequate to compensate for the injuries described above. The United States lacks an adequate remedy at law to coerce Jamestown Daycare Center, Inc. to comply with the internal revenue laws, as evidenced by their repeated and continuous failure to pay over Jamestown Daycare Center, Inc.'s withheld federal employment taxes to the Internal Revenue Service.

    C. The balance of hardships that would result from the issuance of an injunction weigh heavily in favor of the United States. If Jamestown Daycare Center, Inc. is not compelled to obey the federal tax laws, the government will experience irreparable harm in the form of permanent loss of tax revenue and the expenditure of already-scarce government resources. On the other hand, Jamestown Daycare Center, Inc. will not be harmed by the issuance of an injunction because it will merely be required to obey the same laws as every similarly-situated employer.

Page 4 of 8

Case 7:21-cv-00157-FL   Document 15   Filed 03/30/22   Page 4 of 8

D. Finally, the public interest is served by enjoining the defendant from further draining the federal coffers and interfering with the enforcement of the internal revenue laws. In addition to compelling the defendant to comply with the law, Jamestown Daycare Center, Inc.'s failure to collect and remit its federal employment taxes, including the income, social security, and Medicare taxes withheld from the wages of its employees, undermines the federal system of taxation by reducing federal tax revenues, and provides Jamestown Daycare Center, Inc. an unfair economic advantage over its competitors.

## JUDGMENT AND PERMANENT INJUNCTION

**BASED ON THE FOREGOING, IT IS ORDERED** that a permanent injunction is hereby issued against the defendant Jamestown Daycare Center, Inc. pursuant to 26 U.S.C. § 7402(a) and Federal Rules of Civil Procedure 55(b)(2) and 65, and in favor of the United States of America, to prevent the defendant Jamestown Daycare Center, Inc. from accruing, or "pyramiding," unpaid employment tax liabilities.

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. **JUDGMENT** is entered in favor of the United States and against Jamestown Daycare Center, Inc. in the amount of 159,877.05 as of August 9, 2021 for its unpaid federal employment and unemployment tax liabilities identified above in Paragraph 7 of the Court's findings of facts and conclusions of law, plus further statutory additions and interest under 26 U.S.C. § 6621 that will accrue after that date as a matter of law.

2. The entry of the permanent injunction described herein is necessary and appropriate for the enforcement of the internal revenue laws.

3. Jamestown Daycare Center, Inc. has engaged, and is engaging in conduct that interferes with the enforcement of the internal revenue laws and injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop this conduct; a permanent injunction is hereby entered prohibiting Jamestown Daycare Center, Inc. and its agents, representatives, employees, accountants, attorneys, successors in interest and assigns, and all other people in active concert or participation with them, from failing to withhold and pay over to the Internal Revenue Service all employment taxes as required by law;

4. Pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, the defendant Jamestown Daycare Center, Inc. is **ENJOINED** from the date of the entry of this order, such that it shall:

A. withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

B. timely deposit withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

C. Sign and deliver to a designated IRS revenue officer, Ernest V. Porter at 3340 Jaeckle Drive Suite 101, Wilmington, NC 28403, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA, and Medicare taxes were fully and timely deposited for each pay period during the prior month;

D. timely file the Employer's Quarterly Federal Tax Returns (Form 941) that come due after the date of the injunction, and Jamestown Daycare Center, Inc. shall provide a copy of each filed return to a designated IRS revenue officer, Ernest V. Porter at 3340

Jaeckle Drive Suite 101, Wilmington, NC 28403, or in such manner as the IRS deems appropriate, within five days of filing;

E. timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

F. Permit a representative from the Internal Revenue Service to inspect Jamestown Daycare Center, Inc.'s books and records periodically, with two business days' notice of each inspection; and

5. Jamestown Daycare Center, Inc. is further enjoined from paying other creditors or from transferring, disbursing, or assigning any money, property, or its assets after the date of the injunction order until after such time as the required deposits described in Paragraphs 4-A and 4-B, and any liabilities described in Paragraph 4-E, have been paid in full, for any tax period ending after the injunction is issued;

6. Jamestown Daycare Center, Inc. is further enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of its employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

7. Jamestown Daycare Center, Inc. must deliver to all of their current employees a copy of the Court's injunction order, within 30 days of the date of entry of the injunction order.

8. This Court retains jurisdiction over this case to ensure compliance with this injunction.

9. The United States is authorized to conduct civil discovery under the Federal Rules of Civil procedure to monitor the defendant's compliance with this injunction.

10. If Jamestown Daycare Center, Inc. violates any term of this injunction, then counsel for the United States shall send the defendant written notice of the violation, and the defendant shall have 10 days after notification is sent to cure the violation;

    A. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer, Ernest V. Porter at 3340 Jaeckle Drive Suite 101, Wilmington, NC 28403, or to another person that the IRS deems appropriate.

    B. If counsel for the United States has sent the defendant three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

    C. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Jamestown Daycare Center, Inc., then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Jamestown Daycare Center, Inc. shall not be held in contempt of this injunction and why Jamestown Daycare Center, Inc should not be ordered to cease doing business immediately.

11. The parties shall bear their respective attorney's fees and costs.

It is so ordered this 30th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge